Edward Mancharia MUNGA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–73568.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.[*]

Filed May 21, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Patrick Ouya Maina, Esq., Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Frederick Reynolds, Esq., U.S. Department of Justice Asset Forfeiture/Money Laundering, Washington, D.C., for Respondent.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Edward Mancharia Munga, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kumar v. INS*, 204 F.3d 931, 933 (9th Cir.2000), and we grant in part and deny in part the petition for review.

■ Substantial evidence does not support the agency's denial of asylum based on a finding that changed country conditions in Kenya rebutted the presumption of a well-founded fear of future persecution. The IJ did not provide an individualized analysis of how changed country conditions in Kenya will affect Munga's well-founded fear. *See Hanna v. Keisler*, 506 F.3d 933, 938 (9th Cir.2007); *see also Mousa v. Mukasey*, 530 F.3d 1025, 1030 (9th Cir.2008). In particular, the IJ did not consider Munga's statements that some of the same KANU members who persecuted him continue to be in power.

Further, substantial evidence does not support the agency's denial of withholding of removal. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir.2004) (establishing past persecution raises a presumption of eligibility for withholding of removal).

■ Finally, substantial evidence does not support the agency's denial of CAT relief, because it failed to consider all of the evidence in the record in assessing

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether it is more likely than not Munga will be tortured if removed to Kenya. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–18 (9th Cir.2005) (evidence of past torture should be considered in evaluating the likelihood of future torture); *see also Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001).

We therefore remand to the agency for further proceedings to determine, after an individualized determination of changed country conditions, whether Munga is eligible for asylum, withholding of removal and CAT. *See Hanna,* 506 F.3d at 938; *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Munga's remaining contentions fail.

Judge Pregerson requests that pro bono counsel be appointed upon remand.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**